## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK J. CYR,

*Plaintiff,*

v.

UNITED AIRLINES, INC.,

*Defendant.*

CIVIL ACTION
NO. 18-04323

**PAPPERT, J.**                                              **February 25, 2019**

### MEMORANDUM

Patrick J. Cyr claims he was injured on a United Airlines flight from
Philadelphia to Denver.  He sued United for negligence, breach of contract and breach
of warranty.  United moves to dismiss Cyr's lawsuit for failure to state a claim upon
which relief can be granted.  United contends that Cyr's negligence claim is preempted
by the Federal Aviation Act and his contract claims are barred by the gist of the action
doctrine.  For the reasons that follow, the Court grants the Motion and allows Cyr leave
to amend his negligence claim.

I

On September 5, 2017, Cyr booked a round-trip flight from Philadelphia,
Pennsylvania to Bend, Oregon with a layover in Denver, Colorado.  (Compl. ¶ 16, ECF
No. 1.)   He left Philadelphia on September 11, 2017 on United Airlines Flight 1968.
(*Id.* at ¶ 1.)  Cyr alleges that the flight from Philadelphia to Denver "concluded with a
terrifying, unusually violent and severe landing," (*id.* ¶ 21), and he suffered undisclosed
"spinal cord injuries" as a result.  (*Id.* ¶ 3.)

Cyr sued United in the Philadelphia County Court of Common Pleas on

September 6, 2018, alleging negligence (Count I), breach of contract (Count II) and

breach of express and implied warranties (Count III). (Notice of Removal ¶ 1, ECF No.

1; Compl. ¶¶ 44–76.) United timely removed the case to this Court.[1] *See* (Notice of

Removal.) United now moves to dismiss Cyr's claims on two grounds: (1) the Federal

Aviation Act preempts state law standards of care in the field of aviation safety and (2)

the gist of Cyr's lawsuit is a tort, so his contract claims are barred under Pennsylvania

law. (Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem."), ECF No. 7.)

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially

plausible when the facts pled "allow[ ] the court to draw the reasonable inference that

[a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether a

complaint will survive a motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d

780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must

---

[1] Jurisdiction is properly based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is
a citizen of Pennsylvania, (Compl. ¶ 6), United Airlines is a Delaware corporation with its principal
place of business in Illinois, (Notice of Removal ¶ 4), and the amount in controversy exceeds $75,000.
(*Id.* at ¶ 8); *see also* (Notice of Removal Ex. C).

plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675).  Next, it must identify the

allegations that are no more than legal conclusions and thus "not entitled to the

assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, where the

complaint includes well-pleaded factual allegations, the Court "should assume their

veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Id.*

The "presumption of truth attaches only to those allegations for which there is

sufficient factual matter to render them plausible on their face." *Schuchardt v.*

*President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation

omitted).  "Conclusory assertions of fact and legal conclusions are not entitled to the

same presumption." *Id.*  This plausibility determination is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.*

(quoting *Connelly*, 809 F.3d at 786–87).

III

A

To establish a cause of action in negligence under Pennsylvania law, the plaintiff

must demonstrate (1) the defendant owed the plaintiff a duty of care, (2) the defendant

breached its duty of care, (3) the breach resulted in injury to the plaintiff and (4) the

plaintiff suffered actual loss or damage. *Levy v. Cont'l Airlines, Inc.*, 2007 WL 2844592

at *2 (E.D. Pa. Oct. 1, 2007) (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)).

The Third Circuit Court of Appeals has held that federal law preempts state law

standards of care within the field of "aviation safety."  *See Abdullah v. Am. Airlines,*

*Inc.*, 181 F.3d 363 (3d Cir. 1999).[2]  FAA regulations supply a comprehensive standard of care for pilots and flight crew: "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."  *Id.* at 371 (quoting 14 C.F.R. § 91.13(a)).  Thus, while "[l]ocal law still govern[s] the other negligence elements (breach, causation, and damages), as well as the choice and availability of remedies," courts must apply the federal standard of care to determine whether relief can be granted for negligence claims within the scope of the FAA.  *Elassaad v. Indep. Air, Inc.*, 613 F.3d 119, 125 (3d Cir. 2010); *Abdullah*, 181 F.3d at 372, 375–76.  *C.f. Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 499 (E.D. Pa. 2011).

District courts applying *Abdullah* have required plaintiffs to "do more than make a passing reference to the federal standard [of care]" to survive dismissal for failure to state a claim upon which relief can be granted.  *Gonzalez-Marcano v. U.S. Airways, Inc.*, 2014 WL 2880283 at *3 (E.D. Pa. June 24, 2014) (dismissing claims where plaintiff made "no mention of a specific regulation that was alleged to have been breached") (citing *Bomanski v. US Airways Grp., Inc.*, 620 F. Supp. 2d 725, 730–31 (E.D. Pa. 2009) and *Landis v. US Airways, Inc.*, 2008 WL 728369 at *3–4 (W.D. Pa. Mar. 18, 2008)); *see also Chait v. Delta Air Lines, Inc.*, 2009 WL 2369952 at *3 (E.D. Pa. July 30, 2009) (granting leave to amend complaint in aviation negligence action where "[t]he allegations within the Amended Complaint point to specific federal standards").  It is

---

[2]      Cyr argues at length that *Abdullah* is not binding precedent.  He believes *Abdullah* overruled an earlier Third Circuit case, *Gatenby v. Altoona Aviation Corp.*, 407 F.2d 443 (3d Cir. 1968), without citing to it or explicitly overruling it.  Cyr is mistaken.  He not only mischaracterizes *Gatenby*'s holding, but also asks the Court to ignore recent Third Circuit case law narrowing the scope of *Abdullah* but otherwise citing it favorably.  *See, e.g.*, *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680 (3d Cir. 2016); *Elassaad v. Indep. Air, Inc.*, 613 F.3d 119 (3d Cir. 2010).

thus insufficient to claim that the defendant was "careless" without alleging the proper federal standard of care.  *Gonzalez-Marcano*, 2014 WL 2880283 at \*4.

To sufficiently state his negligence claim, Cyr must allege that United breached the standard of care set forth by the FAA and relevant regulations.[3]  *See id.* at \*2 (citing *Abdullah*, 181 F.3d at 367).  In the Complaint, Cyr generally asserts that the pilots and crew on his flight were required to operate in accordance with United's Flight Operations Manual, which "prohibited the negligent, careless or reckless operation of aircraft at any time."  (Compl. ¶¶ 25, 36.)  The Complaint also states that "aviation industry standards, laws, regulations and guidance prohibited the negligent, careless or reckless operation of aircraft."  (*Id.* at ¶ 43.)  Count I, specifically, alleges that United had a duty to operate "with the highest standard of care," in accordance with its Flight Operations Manual and with "aviation industry standards laws, regulations, and guidance."  (*Id.* at ¶¶ 45–47).

Nowhere does the Complaint allege that United violated the federal standard of care set forth in the FAA and relevant regulations.[4]  Cyr's negligence claim is dismissed accordingly.  *See Gonzalez-Marcano*, 2014 WL 2880283 at \*2; *Landis*, 2008 WL 728369 at \*3.

---

[3]     Cyr tries to argue that his claim is outside the scope of the FAA because his injuries arose from a negligent landing, rather than "in-air" negligence.  He cites *Elassaad v. Independent Air, Inc.*, 613 F.3d 119, 121 (3d Cir. 2010), which clarified that the FAA does not extend to claims arising from injuries incurred after "the aircraft [has] landed, taxied to the gate, and come to a complete stop."  *Elassaad*, 613 F.3d at 127.  *Elassaad* confirmed, however, that the FAA does govern accidents that occur when the aircraft is "being operated for the purpose of air navigation."  *Id.* at 129–31.  The FAA's "definitions of 'navigate aircraft' and 'air navigation facility' demonstrate that the term 'navigation' principally applies to the takeoff and landing of an aircraft."  *Id.* at 130.

[4]     Cyr uses several pages of his brief to repeat thirteen paragraphs of the Complaint, which he now pairs with "corresponding" citations to the FAA and relevant regulations.  The Court may not consider allegations made in a brief to determine whether the Complaint sufficiently states a claim.  *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint.").

B

The gist of the action doctrine is designed to maintain the conceptual distinction

between contract and tort claims. *Turturro v. United States*, 43 F. Supp. 3d 434, 461

(E.D. Pa. 2014), *aff'd*, 629 Fed. App'x 313 (3d Cir. 2015) (citing *Pediatrix Screening, Inc.*

*v. TeleChem Int'l, Inc.*, 602 F.3d 541, 548 (3d Cir. 2010)).  To determine whether the gist

of the plaintiff's action is a breach of contract or a tort, the Court looks to the nature of

the duty the defendant allegedly breached.  *Sales Benchmark Index LLC v. DeRosa*,

2018 WL 3918090 at *4 (E.D. Pa. Aug. 16, 2018) (citing *Bruno v. Erie Ins. Co.*, 106 A.3d

48, 63 (Pa. 2014).  The mere labeling of a claim by the plaintiff is not controlling;

rather:

> If the facts of a particular claim establish that the duty breached is one
> created by the parties by the terms of their contract . . . then the claim is to
> be viewed as one for breach of contract.  If, however, the facts establish that
> the claim involves the defendant's violation of a broader social duty owed
> to all individuals, which is imposed by the law of torts and, hence, exists
> regardless of the contract, then it must be regarded as a tort.

*Bruno*, 106 A.3d at 68 (internal citations omitted).

In *Zell v. Arnold*, 1830 WL 3261 (Pa. 1830), one of the earliest Pennsylvania

Supreme Court decisions applying the gist of the action doctrine, the court considered

whether a claim arising from defendant's negligent construction of a clover mill—a job

he contracted with plaintiff to perform—sounded in contract or tort.  The court "found

that, while the suit may have arisen because of the existence of a contract . . . this . . .

did not render it an action for breach of contract."  *Bruno*, 106 A.3d at 62 (citing *Zell*,

1830 WL 3261 at *1–3).  "[T]he true subject matter of the allegations in the complaint

did not relate to the defendant's failure to perform his contractual obligations, but

rather, were allegations that he had performed those obligations in a negligent or

careless manner." *Id.* Accordingly, where a claim arises from the contracting party's negligence while performing contractual obligations, "the contract is regarded merely as the vehicle, or the mechanism, which established the relationship between the parties, during which the tort of negligence was committed." *Id.* at 70 (collecting cases).

Cyr's breach of contract and breach of warranty claims (Counts II and III of the Complaint) allege injuries arising from United's negligence while performing its contractual obligations to Cyr. The gist of this action is a tort. Although Cyr's suit only arose because of his contract with United, as in *Zell*, the true subject matter of his allegations is United's purported negligence or carelessness. Cyr is claiming that United violated broad social duties imposed by federal law. *See supra* Section III.A. The parties' contract merely served as the vehicle which established a relationship between them and Counts II and III of the Complaint are barred by the gist of the action doctrine. *See Bruno*, 106 A.3d at 71; *see also New York Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70, 73 (3d Cir. 2016).

In his Response, Cyr seeks leave to amend his Complaint in the event the Court grants United's Motion. He will be allowed to do so with respect to his negligence claim only as efforts to amend the breach of contract and warranty claims would be futile.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

7